HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASCADIA PRODUCE, LLC, | No. 2:24-cv-00202-RAJ |
| Plaintiff, | |
| v. | |
| RESTORATION COMMUNITY IMPACT, MARLANDO SPARKS, STEPHANIE SPARKS, AND JOHN/JANE DOES 1-5, | **ORDER** |
| Defendants. | |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff Cascadia Produce, LLC's ("Plaintiff" or "Cascadia") Motion for Default Judgment against Defendants Restoration Community Impact ("RCI"), Marlando Sparks, the Governor and President of RCI, and Stephanie Sparks (collectively, "Defendants"). Dkt. # 14.  Defendants did not respond. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.

## II.    BACKGROUND

On February 14, 2024, Plaintiff, an Auburn, Washington-based wholesale food company, filed its complaint against Defendants, a Kennewick, Washington-based non-profit, for violations of the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. §

ORDER – 1

499(a), *et seq.* ("PACA"). Plaintiff alleged that Defendants contracted to receive shipments of fresh fruits and vegetables and other items from Plaintiff in exchange for payment. Dkt. # 1 (Complaint) ¶ 13. According to Plaintiff, the parties have had a business relationship since 2022, and in the spring of 2023, the parties met and discussed plans to continue their business relationship by having Cascadia provide shipments of food boxes to RCI. Dkt. # 15 (Declaration of Jeremy Vrablik ISO Motion for Entry of Default Judgment) ¶ 4, 5. Plaintiff further alleged that in 2023, Plaintiff issued 16 invoices to RCI for separate shipments of fruits and vegetables, totaling $270,000. *Id.* ¶ 14. However, Defendants have not paid all of the invoices and owe $253,750 in past due invoices. *Id.* Plaintiff alleges that Defendants have failed to pay their invoices despite being grant-recipients of Washington State's "We Feed Washington" program, meant to assist in the purchase of fruits and vegetables. *Id.* ¶ 15. Plaintiff alleges that RCI violated PACA by failing to maintain a statutory trust and pay for the produce shipped to RCI and breached the covenant of good faith and fair dealing, and that all Defendants breached their common law fiduciary duties owed to Plaintiff. *Id.* ¶ 16-49. Plaintiff also alleges claims for breach of contract and quantum meruit stemming from Defendants' lack of payment. *Id.* RCI and Marlando Sparks were served with copies of the summons and complaint on February 15, 2024, and Stephanie Sparks was served with the summons and complaint on February 17, 2024. Dkt. ## 8, 9, 10. Defendants failed to timely appear or take any action in this matter. The Clerk of the Court entered an order of default against RCI, Marlando Sparks, and Stephanie Sparks on April 1, 2024. Dkt. # 13.

On May 8, 2024 Plaintiff filed the pending motion for default judgment. Dkt. # 14. Plaintiff requests a judgment awarding damages of $253,750, as well as attorney's fees and pre-judgment interest at a rate of 5.01%. Dkt. # 14 at 7. Plaintiff relies on the declaration of Jeremy Vrablik, the Governor of Cascadia, and Cascadia's invoices, bills of lading, and Aging Detail Report in support of its claim for monetary damages. Dkt. # 15, Exs. 1, 2. In support of its request for attorney's fees and costs, Cascadia submits the

ORDER – 2

declaration of its counsel, James Molyneux-Elliot and copies of invoices detailing fees and costs incurred in this action through April 2024. Dkt. # 16, Ex. 1.

### III.   DISCUSSION

At the default judgment stage, the court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The entry of default judgment under Rule 55(b) is disfavored, as cases should be decided upon their merits whenever reasonably possible. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *see also Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). However, when well-pleaded allegations in the complaint establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Further, Rule 55(b)(1) permits the court to enter default judgment when the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In moving the court for default judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages. Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate, reasonable, and demonstrated by evidence. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *see also Getty Images (US), Inc. v. Virtual Clinics*, No. C13-0626JLR, 2014 WL 358412 (W.D. Wash. 2014).

In exercising its discretion on a motion for default judgment, the Court considers the *Eitel* factors: (1) the substantive merits of plaintiff's claims; (2) the sufficiency of the claims raised in the complaint; (3) the possibility of prejudice to the plaintiff if relief is denied; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy

ORDER – 3

favoring decisions on the merits when reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The substantive merits of the claims and the sufficiency of the Complaint are often analyzed together. *See Curtis v. Illumination Arts, Inc.,* 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014). Here, the Court concludes that default judgment against Defendants is appropriate.

### A.) *Eitel* Factors

The Court considers the first three factors together. First, the merits of Plaintiff's substantive claims, and the sufficiency of the complaint, weigh in favor of granting default judgment. Under the PACA, any person injured by a "dealer's" failure to "make full payment in respect to any transaction in any such commodity" may bring an action in "any court of competent jurisdiction" for the full amount of damages sustained in consequence of such violation. 7 U.S.C. § 499e(a). Further, it is unlawful for any "dealer" to fail to make full payment "promptly in respect of any transaction in any such commodity…" 7 U.S.C. 499b(4). Plaintiff's Complaint alleges that RCI is a "dealer" as defined by the PACA. Dkt. # 1 ¶ 17. The statute defines a "dealer" as an individual, partnership, corporation, or association "engaged in the business of buying or selling in wholesale or jobbing quantities…any perishable agricultural commodity in interstate or foreign commerce" valuing in excess of $230,000. 7 U.S.C. § 499a(b)(6). "Wholesale and jobbing quantities" means "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received." 7 C.F.R. § 46.2(x). Here, Plaintiff alleges that RCI purchased several deliveries in shipments ranging from 200 to 1200 boxes, and each box contained at minimum 10 pounds of food. Dkt. # 1 ¶ 17(a). Further, the boxes contained commodities purchased from out of state and ordinarily involved in interstate commerce. *Id.* ¶ 18.

Plaintiff invoked the statutory trust provisions of PACA, which provide that perishable agricultural commodities received by a dealer are held by such dealer in trust for the benefit of any unpaid suppliers or sellers involved in the transaction until full

ORDER – 4

payment has been received by the supplier or seller. 7 U.S.C.  § 499e(c)(2). To invoke the benefits of the trust, the unpaid seller or supplier must give written notice of its intent to preserve the benefits of the trust using language set forth in subsection (3) of the statute. 7 U.S.C. § 499e(c)(3). Plaintiff alleges that it preserved its PACA rights in each of the 16 invoices issued to Defendants, Dkt. # 1 ¶ 21, and copies of Plaintiff's invoices reflect as such. Dkt. # 15, Ex. 1.

From May 18, 2023 to June 29, 2023, Plaintiff delivered thousands of boxes of fruit and vegetables to RCI in 16 shipments. Dkt. # 1 ¶ 19; Dkt. # 15 ¶ 7. RCI then failed to completely pay the invoices. Dkt. # 15, Ex. A (Invoices and Bills of Lading). Although Plaintiff's Governor Jeremy Vrablik personally requested payment from Marlando Sparks in October 2023, Defendants have failed to make any further payments to date, *id.* ¶ 9, in spite of their duty under the PACA and the parties' contract. *See Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997) ("…[I]ndividual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under [PACA].")

Based on these facts, the complaint is sufficient, and Plaintiff's substantive claims for violations of the PACA, and state law claims for breach of contract, quantum meruit, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty have merit. *See Nw. Independent Forest Mfrs. v. Dept. of Labor and Industries*, 78 Wn.App. 707, 712 (1995) ("A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant."); *Young v. Young*, 164 Wn.2d 477, 485 (2008) (""[T]he elements of a contract implied in fact are: (1) the defendant requests work, (2) the plaintiff expects payment for the work, and 3) the defendant knows or should know the plaintiff expects payment for the work."); *134th Street Lofts, LLC v. iCap Nw. Opportunity Fund, LLC*, 15 Wn.App.2d 546, 562 (2020) ("An implied duty of good faith and fair dealing exists in every contract."). As to the possibility

ORDER – 5

of prejudice to plaintiff if relief is denied, without a default judgment, Plaintiff is left without recourse for Defendants' nonpayment under the parties' contract for the shipment of fresh food.

In evaluating the fourth factor, the Court considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). Here, Plaintiff seeks $253,750 as of April 3, 2023, which reflects the unpaid invoices for delivered shipments. Dkt. # 15 ¶¶ 6-8. For the claims listed in the complaint, the Court finds that the amount requested is reasonable.

Further, there is no indication for the Court that there is a likelihood of disputes concerning material facts, or that Defendants' failure to appear is the result of excusable neglect. Notably, Defendants have failed to appear and defend the pending motion for default judgment. *See* LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). Defendant's failure to participate effectively hampers the "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits," *Eitel*, 782 F.2d at 1472, and further supports default judgment.

## B.) Attorney's Fees and Pre-Judgment Interest

Plaintiff requests attorney's fees in the amount of $7,147.43, Dkt. # 16, Ex. 1 (Lindsay Hart, LLP invoices) and pre-judgment interest at the federal judgment rate of 5.01%. Dkt. # 14 at 7 (citing 21 U.S.C. § 1961). According to the Complaint, the PACA statutory trust provisions of Plaintiff's invoices state that the "buyer" would pay all costs associated with enforcement of the transaction and Plaintiff's PACA statutory trust rights, including attorney's fees. Dkt. # 1 ¶ 23; Dkt. # 15, Ex. 1 (Cascadia Produce Invoices). In addition, Plaintiffs seek fees in connection with their state law claims. Dkt. # 1 ¶ 33, 49. The Court finds adequate support in the record for the amounts sought by Plaintiff, as Plaintiff's fees appear reasonable in light of the experience and skill of counsel, the rates

ORDER – 6

requested and hours expended, and the efforts and results achieved. *Trustees of Constr. & Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006). Further, in the Ninth Circuit, district courts have broad discretion to award pre-judgment interest to PACA claimants under 7 U.S.C. § 499e(e)(2). *Middle Mountain Land and Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220, 1225-26 (9th Cir. 2002). Accordingly, this Court grants Plaintiff $7,147.43 in attorney's fees and costs, bringing the total award to $260,897.43.

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for default judgment against Restoration Community Impact, Marlando Sparks, and Stephanie Sparks. Dkt. # 14. Plaintiff is awarded $253,750.00 in damages, and attorney's fees and costs of $7,147.43. Pre-judgment interest shall be calculated at 5.01% pursuant to 28 U.S.C. § 1961.

DATED this 21st day of August, 2024.

The Honorable Richard A. Jones
United States District Judge