HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CASCADIA PRODUCE, LLC, ,

Plaintiff,

v.

RESTORATION COMMUNITY
IMPACT, a non-profit organization,
MARLANDO SPARKS, an
individual, STEPHANIE SPARKS,
an individual, AND JOHN/JANE
DOES 1-5,

Defendants.

Case No. 2:24-cv-00202-RAJ

ORDER DENYING
DEFENDANTS' AMENDED
MOTION TO VACATE ORDER
OF DEFAULT AND DEFAULT
JUDGMENT

## I.     INTRODUCTION

THIS MATTER comes before the Court on Defendants' Amended Motion to Vacate Order of Default and Default Judgment (the "Motion," Dkt. # 28).  The Court has reviewed the Motion, Plaintiff's Response and Corrected Response thereto (Dkt. ## 29,

ORDER – 1

32-1[1]), Defendants' Response in support of the Motion (the "Reply," Dkt. # 33), and all declarations filed in support of the foregoing (Dkt. ## 30–31). For the reasons set forth below, the Court **DENIES** Defendants' Motion.

## II.    BACKGROUND

The Court incorporates the facts as set forth in its August 21, 2024 Order granting Plaintiff's Motion for Default Judgment (the "Default Judgment Order," Dkt. # 17). Defendants represent that, "[d]espite several attempts," they were "unable to secure counsel in this matter" and accordingly did not appear or answer Plaintiff's complaint prior to the Court's entry of the Default Judgment Order. Dkt. # 28 at 4. Subsequently, Defendants secured counsel and filed the instant Motion seeking relief from default judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). Defendants argue that their prior default resulted from inadvertence, not willful disregard nor an attempt to gain advantage, that they have meritorious defenses to Plaintiff's complaint, and that Plaintiff will not be prejudiced if required to litigate this action on the merits. *Id.* at 5–7. Plaintiff disputes each of Defendants' arguments for vacatur under Rule 60(b)(1), and separately contends that Defendants' Motion is untimely under Rule 60(c). Dkt. # 32-1 at 7–13. Defendants' Reply reiterates the arguments set forth in the Motion and rebuts certain of the arguments offered by Plaintiff in the Corrected Response as to prejudice. Dkt. # 33.

## III.    LEGAL STANDARD

Rule 60(b)(1) provides that a final judgment may be set aside for "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1); *see also United*

---

[1] The Court accepts Plaintiff's *Praecipe* Regarding its original Response to the Motion (Dkt. # 32), and relies herein upon the Corrected Response (Dkt. # 32-1) when referencing Plaintiff's arguments in opposition to Defendants' Motion.

ORDER – 2

*States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015) (applying Rule 60(b) in considering a motion to set aside default judgment). In considering whether to vacate a default judgment under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect[,]" courts consider three "good cause" factors articulated in *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984): "(1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; or (3) whether reopening the default judgment would prejudice the plaintiff." *Fremont First Nat'l Bank v. Mischief I*, No. C05-1192Z, 2006 WL 8454757, at *2 (W.D. Wash. Feb. 14, 2006) (cleaned up and citations omitted). The three *Falk* factors are disjunctive. *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). "Hence, a finding that the plaintiff will be prejudiced, *or* that the defendant lacks a meritorious defense, *or* that the defendant's own culpable conduct prompted the default is sufficient to justify the district court's refusal to vacate a default judgment." *Id.* (emphasis in original).

A motion to set aside a judgment under Rule 60(b)(1) "must be made within a reasonable time," not to exceed one year after the entry of the judgment at issue. Fed. R. Civ. P. 60(c)(1). What constitutes a "reasonable time" is dependent on the facts of each case, and requires consideration of "the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir. 1981).

## IV.    DISCUSSION

### A.    Timeliness of the Motion

As an initial matter, Defendants' Motion was not filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1). While, strictly speaking, Defendants filed the initial iteration of their motion within one year of the Default Judgment Order as required by Rule 60(c)(1), they did so with exactly *one minute* to spare, depriving counsel for Plaintiff of the

ORDER – 3

opportunity to meet and confer regarding the requested relief, as required by this Court's standing order, prior to filing. *See* Dkt. # 19 (reflecting filing at 11:59 PM PDT on August 21, 2025); Dkt. # 21(declaration of counsel acknowledging failure to confer with counsel for Plaintiff). Courts in this Circuit and District have declined to vacate default after shorter delays, particularly where, as here, the movant does not appear to raise any newly discovered evidence or otherwise knew of the grounds for the instant motion several months before its filing. *See, e.g.*, *Al-Bustani v. Alger*, No. C22-5238JLR, 2025 WL 1725145, at *4 (W.D. Wash. June 20, 2025) (finding motion to set aside default judgment under Rule 60(b)(1) untimely where defendant filed for relief eight months after default judgment and were aware of grounds for motion several months before filing); *Million (Far E.) Ltd. v. Lincoln Provisions Inc. USA*, 581 F. App'x 679, 681 (9th Cir. 2014) (same). While Defendants contend that the delay resulted from their inability to retain counsel, the record in this matter indicates that, in February 2025, defendant Marlando Sparks represented to Plaintiff's counsel that he was making efforts to locate an attorney. Dkt. # 32-3. Notwithstanding this representation, another six months elapsed before Defendants' counsel appeared and filed the instant Motion on the eve of the Rule 60(c) deadline. Based on the totality of the foregoing circumstances, the Court concludes that Defendants' Motion is untimely.

**B.     Merits of the Motion under Rule 60(b)(1)**

Even if Defendants' Motion were timely, however, the Court concludes that it would fail on the merits under Rule 60(b)(1).

i.     Culpability of Defendants' Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis omitted). In the Ninth Circuit, for

ORDER – 4

purposes of the first *Falk* factor, the "culpability" factor is met if the defendant "acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010). Where a defendant's neglect is inexcusable, his conduct is culpable. *TCI*, 244 F.3d at 698. Excusable neglect may be found where extenuating circumstances, such as family emergencies or serious illness, have prevented a party from timely responding. *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1224–25 (9th Cir. 2000); *In re Sheehan*, 253 F.3d 507, 514 (9th Cir. 2001).

Defendants in this case argue that their failure to appear in this case is the result of "excusable neglect" due to the difficulties they have faced in retaining counsel. In advancing their argument in their Reply, they cite *Falk* itself, noting: "the namesake for the *Falk* factors involved a case where the Ninth Circuit found the inability to retain counsel is a reasonable basis for failing to appear." Dkt. # 33 at 6 (citing *Falk*, 739 F.2d at 463). As cases in this Circuit applying *Falk* demonstrate, however, whether a defendant's failure to retain counsel constitutes inexcusable neglect is a fact-intensive inquiry. Indeed, the defendant in *Falk* excused from default had been due to appear at a hearing immediately before a scheduled overseas trip for medical treatment and had difficulty obtaining assistance from the local legal services office. *Falk*, 739 F.2d at 461; *see also, e.g.*, *Starbuzz Tobacco, Inc. v. Abdallah*, No. 10-03833 MMM (PJWX), 2011 WL 13216984, at *9 (C.D. Cal. Aug. 1, 2011) (concluding that the "record [did] not clearly establish that [defendant's] failure to appear or respond was willful, deliberate, or in bad faith" when there was "some indication" that defendant was out of the country at time of substitute service). Other defendants have been found non-culpable for failing to appear where they demonstrated that their failure was due to similarly exigent personal circumstances.

ORDER – 5

*TCI Group*, 244 F.3d at 699 (finding recent widow in psychiatric care for severe depression not culpable for failure to appear in insurance action).

Here, Defendants have offered no extenuating circumstances akin to those offered in *Falk* or similar cases. Defendants, who were personally served in this matter, do not assert that they struggled to retain counsel due to medical issues, overseas travel during the litigation, or similar obstacles to obtaining representation. *See United States v. $30,790 in United States Currency*, No. C05-3646 TEH, 2006 WL 8461280, at *5 (N.D. Cal. Apr. 5, 2006) (noting that non-appearing party "has offered no evidence of medical issues or being out of the country"). Rather, Defendants implausibly claim that they were simply unable— for 18 months—to find counsel to represent them in this straightforward commercial dispute in a major federal district. Even if this contention were credible, Defendants' argument still fails, because "the inability to hire competent counsel is not excusable neglect." *See, e.g.*, *Walsh v. Countrywide Home Loans, Inc.*, No. C 09-0446 SBA, 2009 WL 4674049, at *5 (N.D. Cal. Dec. 2, 2009), *aff'd*, 435 F. App'x 607 (9th Cir. 2011) (citing *King v. Galluzo Equip. & Excavating, Inc.,* 223 F.R.D. 94, 98 (E.D.N.Y.2004)). Accordingly, the first *Falk* factor favors Plaintiff.

ii.    Meritorious Defense

Because the Court concludes that Defendants' conduct resulting in default was culpable, the Court need not assess whether Defendants have a meritorious defense. *See Aguilar*, 782 F.2d at 1109. However, even if Defendants' conduct was not culpable, vacatur under Rule 60(b)(1) would be appropriate because Defendants lack meritorious defenses.

To satisfy the second *Falk* factor, a party must allege sufficient facts that, if true, would constitute a defense. *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700).

ORDER – 6

This burden is "not extraordinarily heavy." *TCI Group*, 244 F.3d at 700. "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945–46 (9th Cir.1986). The "meritorious defense" requires only that the party seeking to set aside the entry of default allege facts that, if true, would constitute a defense. *TCI Group*, 244 F.3d at 700. Resolution of factual issues is left to a later stage of litigation. *Id.*

Defendants offer three primary "meritorious defenses" in support of vacatur: the applicability of the Perishable Agricultural Commodities Act (PACA) to Plaintiff's claims, the existence of an enforceable contract, and damages. Even accepting as true the facts alleged by Defendants in support of these proposed defenses, the Court cannot conclude that the defenses are meritorious. Defendants' claimed defense that PACA does not apply, for example, hinges on the following factual allegations: (1) "the invoices submitted by Plaintiff to support their default judgment motion do not identify the specific perishable commodities to which PACA would attach"; (2) "Plaintiff failed to submit its invoices to Defendants before or currently with delivery of the food boxes"; (3) and Plaintiff failed to "provide Defendant with an itemized invoice" such that the record "does not provide a basis to determining how much of the funds owed would be covered by PACA (if a PACA does claim exists [*sic*])." Dkt. # 28 at 6–7. Despite Defendants' attempt to raise the possibility that PACA is wholly inapplicable to this dispute, it is clear from the face of the Motion that this argument speaks only to the scope of Plaintiff's claims, as Defendants themselves acknowledge that some of the goods at issue in the parties' relationship were perishable commodities. *See, e.g., id.* at 3 (describing supply boxes as containing both perishable and nonperishable goods). Additionally, Section 499e(3) of PACA appears to

ORDER – 7

foreclose as a matter of law Defendants' defense that Plaintiff was required to submit invoices to Defendants "before or currently with delivery of the food boxes." 7 U.S.C. § 499e(3).

Defendants' argument that "[t]he record precludes Plaintiff from demonstrate the existence of a contract," Dkt. # 28 at 7, is undermined elsewhere Defendants' own Motion. While Defendants suggest that the element of mutual assent is disputed, earlier in the Motion, Defendants acknowledge that "it was understood" by both parties that Plaintiff would supply boxes to Defendants, and that RCI thereafter "[fell] behind on its payments" to Plaintiff. *Id.* at 3, 7. Defendants' description of the parties' relationship is materially consistent with the mutual agreement as described by Plaintiff. Dkt. # 32-1 at 3. Defendants' proposed defense regarding the absence of a contractual agreement is therefore plainly not meritorious.

Finally, as with its proffered statutory defenses, Defendants' claimed damages defense also speaks not to the merits of Plaintiff's claims but to their possible scope. Accordingly, this factor weighs against vacatur of default judgment.

### iii.    Prejudice to Plaintiff

Plaintiff alleges that it will be prejudiced by vacatur of the Default Judgment Order because it will have to return the $16,300 it has garnished, and because Defendants will "have time to squander, relocate, move, hide, or otherwise disguise their assets such that collection becomes even more difficult." Dkt. # 32-1 at 12. Defendants offer on Reply to stipulate that, pending the outcome of this litigation, they will not seek the return of the funds Plaintiff has garnished, removing the principal risk of prejudice identified by Plaintiff. Dkt. # 33 at 7. However, because the Court concludes that Defendants are both culpable and have no meritorious defenses, it need not reach the question of whether

ORDER – 8

Plaintiff would be prejudiced by its vacating the Default Judgment Order. *See Aguilar*, 782 F.2d at 1109. The Court's culpability and meritorious defense findings, taken alone, each preclude vacatur of default judgment in this matter.

## V.    CONCLUSION

For the foregoing reasons, Defendants' Amended Motion to Vacate Order of Default and Default Judgment is **DENIED.** Dkt. # 28. The Court's August 21, 2024 Default Judgment Order, Dkt. # 17, remains in effect.

Dated this 19th day of February, 2026.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER – 9